FILED

2013 Oct-08  PM 02:42
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALISSA GILY TRUE,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CV-13-S-214-S** |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,** | ) ) ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Alissa Gily True, commenced this action on January 30, 2013, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ improperly considered the opinion of her treating physician, and that the ALJ failed to fully develop the record when he failed to order an additional consultative examination, obtain testimony from a medical expert, or recontact the treating physician for additional information. Upon review of the record, the court concludes that these contentions lack merit, and that the Commissioner's ruling is due to be affirmed.

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. Additionally, the ALJ is not required to accept a conclusory statement from a medical source, even a treating source, that a claimant is unable to work, because the decision whether a claimant is disabled is not a medical opinion, but is a decision "reserved to the Commissioner." 20 C.F.R. § 416.927(e).

Social Security regulations also provide that, in considering what weight to give

*any* medical opinion (regardless of whether it is from a treating or non-treating physician), the Commissioner should evaluate: the extent of the examining or treating relationship between the doctor and patient; whether the doctor's opinion can be supported by medical signs and laboratory findings; whether the opinion is consistent with the record as a whole; the doctor's specialization; and other factors. *See* 20 C.F.R. § 404.1527(d). *See also Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) ("The weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments.").

Dr. Thomas Lecroy, claimant's treating psychiatrist, completed a "Supplemental Questionnaire" on May 12, 2010. Although the Supplemental Questionnaire states that it is "designed to amplify [the psychiatrist's] narrative report,"[1] the court could not locate any narrative report from Dr. Lecroy in the record. Dr. Lecroy indicated that, as a result of the claimant's psychiatric condition, she would experience moderate restriction of activities of daily living; marked difficulty in maintaining social functioning; extreme deficiencies of concentrating, persistence, or pace resulting in frequent failure to complete tasks in a timely manner; extreme impairment of ability to respond to customary work pressures; marked impairment in ability to understand, carry out, and remember instructions in a work setting; moderate

---

[1] Tr. 336 (alteration supplied).

impairment of ability to respond appropriately to supervision in a work setting; moderate impairment of ability to respond appropriately to co-workers in a work setting; moderate impairment of ability to perform simple tasks in a work setting; and marked impairment of ability to perform repetitive tasks in a work setting.  Dr. Lecroy indicated that claimant's limitations had lasted, or could be expected to last, for twelve months or longer.  He also stated that the severity of claimant's impairments would be the same without any consideration of substance abuse.   No psychological evaluation was obtained, and there were no side effects of any medications.[2]

The ALJ afforded Dr. Lecroy's opinion little weight because it "contrast[ed] sharply with other evidence."[3]  The ALJ also reasoned that the record as a whole — including Dr. Lecroy's own records —  indicated "notable improvement in the claimant's symptoms with proper treatment."[4]  Those are valid, adequately stated reasons for rejecting a treating physician's opinion.  The ALJ's conclusion also was supported by substantial evidence.  While the record does reflect that claimant at times experienced mental symptoms that were more than moderate in severity, there is no indication that such severe symptoms would be present for twelve months or more. *See* 42 U.S.C. § 423(d)(1)(A) (defining "disability," in part, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical

---

[2] Tr. 336-37.

[3] Tr. 26 (alteration supplied).

[4] *Id.*

or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months").

The court further concludes that the ALJ did not fail in his duty to fully develop the record by not obtaining any additional medical testimony, whether it was from Dr. LeCroy, a medical expert, or an additional consultative examiner.  It is true that the ALJ "has an obligation to develop a full and fair record, even if the claimant is represented by counsel." *Nation v. Barnhart,* 153 F. App'x 597, 598 (11th Cir. 2005) (citing *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).  Despite that fact, a claimant always bears the ultimate burden of producing evidence to support her disability claim. *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), (c)).  Thus, in discussing whether an ALJ should have ordered an additional consultative examination, the Eleventh Circuit has stated that the

> ALJ is not required to seek additional independent expert medical testimony before making a disability determination *if the record is sufficient and additional expert testimony is not necessary for an informed decision.*  Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999) (holding the record, which included the opinion of several physicians, was sufficient for the ALJ to arrive at a decision); *Holladay v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988) (holding the ALJ must order a consultative exam when it is necessary for an informed decision).

*Nation,* 153 F. App'x at 598 (emphasis supplied).  Here, the record was sufficient to support the ALJ's decision, and there was no need for him to obtain any additional

medical evidence.

In summary, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 8th day of October, 2013.

_____
United States District Judge